CAMPBELL, Judge.
This appeal arises from a dissolution of marriage in which the final judgment was entered on April 2, 1982. Among other things, the final judgment provided that the parties would pool their income from certain generally enumerated sources and that the “pooled” income total would be divided in half. The husband would then pay as permanent, periodic alimony to the wife the amount necessary to assure that her income equalled one-half the “pooled” income.
Several years after the entry of the final judgment, the husband filed for an order to establish the amount of alimony and a petition for modification of the final judgment seeking reduction or elimination of alimony. The wife filed for enforcement of ar-rearages. On February 1,1985, the parties entered into a stipulation regarding the various pending motions which set forth each party’s contention as to the types of income that should be included in the income “pool.” The parties stipulated to and “request[ed] the court to enter its order specifying which types and amounts of income should be introduced into the alimony pool formula at which point counsel for the parties hereto can prepare an accounting to present to the court with reference to how much arrearage, if any exists with respect to the alimony in question.” The court entered its order delineating the income to be pooled on March 4, 1985. That order was not appealed.
*898 On May 22, 1985, the wife moved for entry of a judgment for arrearages in alimony. On July 16, 1985, the court entered an order which determined the amount of arrearages and denied the husband’s motion for modification. A separate judgment in the amount of arrearages was also entered. It is from that July 16, 1985 order and the resulting judgment for ar-rearages that husband appeals.
Husband has not demonstrated any error in the calculations resulting in the final judgment. The calculations were based upon the order of March 4,1985, which was not appealed. Based on the record he has submitted to us, neither has the husband demonstrated error in regard to the denial of his motion for modification. Since no error was demonstrated, we affirm.
DANAHY, C.J., and LEHAN, J., concur.